UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:20-CR-0250-B-1 |
| | § | |
| ERIC DICKSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eric Dickson's Motion to Reduce Sentence (Doc. 119). For the following reasons, Dickson's Motion is **DENIED WITHOUT PREJUDICE.**

## I.

## BACKGROUND

The Court sentenced Dickson to 120 months of imprisonment and three years of supervised release after he pleaded guilty to possession of a firearm by a convicted felon. Doc. 90, J., 1-3. Dickson, now 41 years old, is serving his sentence at El Reno Federal Correctional Institution. His scheduled release date is November 30, 2028.[1]

Dickson filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2] Doc. 119, Mot. Sent. Reduc., 1. He argues that recent changes in the law warrants compassionate release. *See id.* at 1-2. The Court considers the Motion below.

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc.

[2] While Dickson does not identify § 3582(c)(1)(A) by name, he twice references "compassionate release" in his sentence reduction request, so the Court construes Dickson's motion as one brought under § 3582(c)(1)(A). *See* Doc. 119, Mot. Sent. Reduc., 1-2.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Dickson's motion for compassionate release because he has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). The section does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citation modified) (citing 28 U.S.C. § 994(t)).

To outline the types of reasons that the BOP or a court may consider "extraordinary and compelling," the Commission issued a policy statement—section 1B1.13 of the U.S. Sentencing Guidelines Manual (the "Sentencing Guidelines"). As amended in 2023, the statement "identifies

six categories of circumstances that may qualify as "'extraordinary and compelling.'" *United States v. Bravo-Escalera*, No. 4:19-CR-00285-ALM-AGD, 2025 WL 1668212, at *2 (E.D. Tex. June 12, 2025) (citing U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b) (U.S. SENT'G COMM'N 2023)). Those categories include "(1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence." *Id.*

Although those categories are broadly stated, the Fifth Circuit recently confirmed that a "prisoner may not leverage *non-retroactive* changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citation omitted and emphasis added). However, even non-retroactive changes to the law may be considered solely in determining the *extent* of a sentence reduction where the defendant establishes a separate "extraordinary and compelling" reason for the reduction. § 1B1.13(c).

Dickson does not identify which of the six categories of "extraordinary and compelling reasons" applies here. Instead, Dickson contends that a 2024 amendment to section 5H.1 of the Sentencing Guidelines warrants compassionate release. *See* Doc. 119, Mot. Sent. Reduc., 1-2. The amendment in question—Amendment 829—expanded sentencing courts' options to depart from the recommended sentencing range in consideration of a defendant's young age at the time of an offense. *See* U.S. SENT'G GUIDELINES MANUAL App. C, amend. 829 (U.S. SENT'G COMM'N 2024). But as Dickson acknowledges, the amendment did not apply retroactively, *see id.* at 1, thus it cannot "support a compassionate release motion." *See Austin*, 125 F.4th at 692. Dickson does not assert any

separate reason for a sentence reduction that would allow the Court to consider the non-retroactive change to determine the extent of reduction under section 1B1.13(c). Finally, section 5H1.1 has since been deleted in its entirety—along with other departure provisions of the guidelines—effective November 1, 2025. *See* U.S. SENT'G GUIDELINES MANUAL App. C, amend. 836 (U.S. SENT'G COMM'N 2025). As section 5H1.1 is no longer in effect, its prior amendment cannot create an extraordinary and compelling reason for reduction of sentence.

Dickson has not demonstrated how his personal circumstances rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

Dickson's Motion to Reduce Sentence fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. For this reason, the Court **DENIES** Dickson's Motion (Doc. 119) **WITHOUT PREJUDICE.**

By denying Dickson's Motion without prejudice, the Court permits Dickson to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the § 3553(a) sentencing factors support his release.

SO ORDERED.

SIGNED: March 31, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

-4-